UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| VICTORIA TYLER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. |
| HOMESERVE USA CORP., | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

Plaintiff files this Complaint against Defendant for violations of the Family and Medical Leave Act of 1993, as amended (FMLA), and alleges the following:

### Jurisdiction and Parties

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

2. Defendant is a Connecticut corporation that does business in Tennessee and has an office in Chattanooga. Its registered agent for service of process in Tennessee is CT Corporation System, 300 Montvue Road, Knoxville, Tennessee, 37919.

### Facts

3. Defendant sells home service warranties to customers throughout the United States.

4. Plaintiff was employed by Defendant as a customer service representative at Defendant's office in Chattanooga from approximately September of 2022 until January of 2024.

5. Defendant employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2023 and in 2024.

6. Defendant employed more than 50 employees within a 75-mile radius of Plaintiff's worksite.

7. Plaintiff had well over 1,250 hours of service with Defendant during the 12-month period before she requested FMLA leave as set forth below.

8. Plaintiff's minor son suffers from a serious medical condition called autism.

9. On or about September 15, 2023, Plaintiff was approved by Defendant for intermittent FMLA to care for her minor son, who suffers from autism. Plaintiff's initial intermittent FMLA was approved for a period through approximately March 11, 2024.

10. In accordance with her approved FMLA intermittent leave, Plaintiff utilized intermittent FMLA leave to care for her son.

11. Thereafter, Plaintiff's direct supervisor began to complain about Plaintiff's use of intermittent FMLA leave. Plaintiff's supervisor also encouraged Plaintiff not to use her intermittent FMLA leave in accordance with the leave requirements that were established by Plaintiff's doctor and approved by Defendant.

12. On or about January 12, 2024, Defendant terminated Plaintiff's employment

13. Defendant terminated Plaintiff's employment in order to prevent Plaintiff from continuing to exercise her FMLA rights by taking FMLA leave for her son's medical condition.

14. Defendant terminated Plaintiff's employment in retaliation for Plaintiff obtaining and utilizing FMLA leave for her son's medical condition.

16. If Defendant had not terminated Plaintiff's employment, she would have continued to work in her employment position with Defendant.

17. Plaintiff has sustained and continues to sustain lost wages and lost benefits as a result of Defendant's termination of her employment.

## Defendant's Violations of the FMLA

### A. FMLA Coverage and Eligibility

18. Defendant was a covered employer of Plaintiff as defined by 29 U.S.C. § 2611(4)(A) (i) and (ii) and 29 CFR 825.104(a) and (d).

19. Pursuant to 29 U.S.C. § 2611(2), Plaintiff was an eligible employee under the FMLA.

20. Plaintiff's son had a serious medical condition as defined by 29 U.S.C. § 2611(11).

21. Pursuant to 29 U.S.C. § 2612(a)(1)(C) and (D), Plaintiff was entitled to intermittent FMLA leave of up to a limit of 12 weeks for her son's serious medical condition.

### B. Count 1—Interference with Plaintiff's Exercise of FMLA Rights

22. Plaintiff was entitled to intermittent FMLA leave due to her son's serious medical condition.

23. Defendant terminated Plaintiff's employment in order to prevent Plaintiff from taking FMLA leave.

24. By terminating Plaintiff's employment, Defendant unlawfully interfered with, restrained, and/or denied the exercise of or the attempt to exercise Plaintiff's FMLA rights, in violation of 29 U.S.C. § 2615(a)(1).

25. As a result of Plaintiff's violation of 29 U.S.C. § 2615(a)(1), Plaintiff has sustained and continues to sustain lost wages and lost benefits.

### C. Count 2—Retaliation in Response to Plaintiff's Exercise of FMLA Rights

26. By obtaining FMLA leave for her son's serious medical condition, Plaintiff engaged in protected activity under the FMLA.

27. Defendant terminated Plaintiff's employment in retaliation for her requesting and

obtaining FMLA leave for her son's serious medical condition.

28. By terminating Plaintiff's employment, Defendant unlawfully discharged Plaintiff in violation of 29 U.S.C. § 2615(a)(2).

29. As a result of Defendant's violation of 29 U.S.C. § 2615(a)(2), Plaintiff has sustained and continues to sustain lost wages and lost benefits.

**D.  Plaintiff's Entitlement to Recover Damages Under the FMLA**

30. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(i), Plaintiff is entitled to recover lost wages and lost employment benefits.

31. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(ii), Plaintiff is entitled to recover interest.

32. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff is entitled to recover liquidated damages.

33. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to recover attorney's fees, expert fees, and costs.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for a judgment against Defendant for damages that include the following:

(a) back pay;

(b) front pay;

(c) loss of benefits;

(d) interest;

(e) liquidated damages;

(f) expert fees;

(g) attorneys' fees and costs; and

(h) all further legal and equitable relief to which she may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr., (TN 013839)
4525 Harding Pike, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

/s/ John McCown
John McCown, GA Bar (GA 486002)
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com

Attorneys for Plaintiff